UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTINA M. WISEMAN,

       Plaintiff,

v.                                    CASE NO: 8:05-CV-615-T-27MAP

JO ANNE B. BARNHART,
Commissioner of Social Security,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

Pursuant to 42 U.S.C. § 405(g), Plaintiff seeks judicial review of the Commissioner's decision denying her claim for a period of disability and Disability Insurance Benefits ("DIB"). Plaintiff argues multiple issues requiring reversal, one of which is dispositive. After considering the record, I find that the ALJ erred at step two of the sequential analysis by finding that Plaintiff's carpal tunnel syndrome was not a severe impairment. Therefore, I recommend the case be remanded for further administrative proceedings consistent with this report.[1]

*A. Background*

Plaintiff, who was 50 years old at the time of her administrative hearing in July 2004, worked as a lumber grader in a cabinet factory for twenty-three years, a job that required repetitive hand and arm movement. She alleges she became disabled in December 2001 due to pain caused by rheumatoid arthritis, carpal tunnel syndrome in both hands, depression, and an inability to concentrate. The ALJ denied Plaintiff's disability claim at step five of the sequential analysis

---

[1] This matter has been referred to me for a report and recommendation pursuant to Local Rule 6.01(c)(21).

finding she had the capacity for medium work. When the Appeals Council denied her request for review, Plaintiff filed this action for judicial review.

   *B. Standard of Review*

To be entitled to disability insurance benefits a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which haslasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of her age, education, and work experience. A claimant is entitled

to benefits only if he or she is unable to perform other work. *See Bowen v. Yuckert,* 482 U.S. 137 (1987); 20 C.F.R. § 404.1520(f).

In reviewing the ALJ's findings, this court must ask if substantial evidence supports them. *Richardson v. Perales*, 402 U.S. 389 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. *See* 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services,* 21 F.3d 1064 (11th Cir. 1994). The court may not reweigh the evidence nor substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he has conducted the proper legal analysis, mandates reversal. *Keeton, supra,* at p. 1066; *Jamison v. Bowen,* 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

*C. Discussion*

The Plaintiff suffers from a variety of impairments that effect her ability to use her hands and arms. Despite a consistent record evidencing this, the ALJ concluded she had unlimited, unrestricted use of her hands and limited, restricted use of her arms. Accordingly, she could perform jobs in the economy at a medium work level.[2] In making these findings, whether at step two or at step five, the ALJ misapplied the regulations when considering the evidence.

*1. step two*

---

[2] Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work. 20 CFR § 404.1567

Plaintiff, who has a history of rheumatoid arthritis, carpal tunnel syndrome (CTS) in both hands and wrists, shoulder pain, and severe depression, persistently sought treatment from early 2001 up to her administrative hearing. In February 2001, for example, motor nerve and sensory studies evidenced CTS in her right extremity. Tests at the end of 2001 showed CTS in her left extremity. Other positive tests (Tinel's and Phelan's) supported a CTS diagnosis in both extremities. By late 2002, the Plaintiff's combined impairments, had appreciably regressed, a fact the Commissioner's medical expert (ME) at the administrative hearing conceded. The ME, after taking into account her combined impairments, noted the Plaintiff's "psychological/psychiatric condition" had become severe then as evidenced by her treating psychiatrist's discussions with Plaintiff about treating her with anti-psychotic drugs. *See* R. 426. Unfortunately, Plaintiff's condition worsened. In March 2004, the same treating psychiatrist (Carroll) at the VA described her depression as psychotic, confirmed that all efforts to treat her with modern anti-depressants, even at high doses, had failed, and warned she would not likely improve. At her stage, depression is statistically considered "hard to treat" and often fails to respond to anti-depressants or anti-psychotic drugs (R. 392). During this period, an orthopedic surgeon (Ward) opined Plaintiff could not engage in repetitive reaching or handling with either hand and only occasionally engage in fingering tasks with her hands (R. 411). This comported with the surgeon's finding in July 2003, that Plaintiff suffered from bilateral carpal tunnel syndrome (and other issues) resulting in significantly decreased grip strength in both hands (R. 380-382).

The Commissioner concedes in her response the medical evidence as to the severity of Plaintiff's CTS is conflicting. And the Commissioner implicitly recognizes the ALJ picked that evidence suggesting Plaintiff's CTS is not a severe impairment (namely, it does not significantly

limit the Plaintiff's physical ability to do basic work activities as per 20 C.F.R. § 404.1521). Still, the Commissioner argues the ALJ's findings are supported by substantial evidence principally relying on the conclusions of a consultative neurologist (Mann) who examined the Plaintiff in May 2003 and essentially found any CTS impairment was minimal.[3] This selective plucking of the medical evidence tacitly brushed aside the convincing evidence demonstrating her overall condition worsened after the May 2003 examination. Consequently, the Commissioner's findings are not supported by substantial evidence. *See Keeton*, *supra* ("substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion").[4]

Moreover, the ALJ's finding at step two concerning the Plaintiff's ability to use her hands to perform basic work activities misapplies the regulatory scheme. The ALJ imposed too high of an evidentiary burden for the Plaintiff to meet, particularly for an impairment whose symptoms can wax and wane.[5] At this step, which is a threshold inquiry, the claimant need show

---

[3] Mann's conclusions about the severity of any CTS conflicted with that of other physicians including neurologists. In 2001, electrodiagnostic tests by Dr. Choice revealed "moderate right median mononeuropathy" (R. 162), and "moderate left median mononeuropathy at the wrist" (R. 160). Also in 2001, Dr. Frank noted normal wrist range of motion, but significant discomfort with full range of motion (R. 164). In 2002 the Holzer Clinic records noted a diagnosis of bilateral CTS, bilateral shoulder sprain, bilateral compression brachial, myalgia, and myositis (R. 175). In 2002, a state agency neurologist found Plaintiff did have severe CTS (R. 181).

[4] In reaching this conclusion, I recognize the ALJ, as the fact finder, is particularly suited to choose between conflicting evidence. *Landry v. Heckler,* 782 F.2d 1551, 1554 (11th Cir. 1986). Nevertheless, the choice must be supported by substantial evidence.

[5] Sporadic symptom-free episodes do not equate to a finding of no disability. Instead, the regulations and the Social Security Administration's listing of impairments demonstrate that it is the impairment, not the crises, which must meet the durational requirement. For instance, epilepsy, sickle cell anemia, and chronic mental illnesses characterized by intermittent crises of disabling severity satisfy the Act's durational requirement even though claimants with such disabilities based upon chronic conditions generally do not show a 12-month period of impairment unmarred by

only that her impairment is not so slight and its effect is not so minimal. *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986); *Brady v. Heckler*, 724 F.2d 914 (11th Cir.1984); *see also* 20 C.F.R. §404.1521(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."). In other words, the "severity" of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality. *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).[6]

### 2. *remaining claims*

Plaintiff also argues two other issues; neither requires much discussion. First, Plaintiff claims she meets or equals Listing 12.04. *See* 20 C.F.R. § 404, App. 1, Subpart P, Part 404 (20 C.F.R. § 404.1520). As the Commissioner argues, that listing (at 12.04(C)) requires a medically documented history of a severe chronic disorder of at least two years in duration. Accordingly, Plaintiff could not have met that demand. Plaintiff next argues the ALJ's finding that she possessed the residual functional capacity (RFC) to perform medium work is not supported by substantial evidence. I find it unnecessary to reach this issue given my recommendation to remand.

### D. *Conclusion*

Because the ALJ erred at step two of the sequential analysis, I hereby

---

symptom-free intervals. *See* 3 Soc. §. Law & Prac. § 39:60 (Dec. 2004) citing 20 C.F.R. Part 404 Subpart P Appx 1 (Listings) §§ 11.02, 107.05; *Williams v. Apfel*, 73 F.Supp. 2d 1325 (M.D. Fla. 1999) (holding that claimant's mere attempts to gain successful employment did not negate disability where claimant suffered from schizophrenia characterized by severe episodes and symptom-free intervals).

[6] The ALJ, by failing to assess Plaintiff's hand impairments as severe, posed an incomplete hypothetical to the vocational expert by failing to take into account the Plaintiff's significant restrictions for handling, reaching, and fingering.

RECOMMEND:

1. The ALJ's decision be reversed and the case be remanded for further administrative action consistent with this order.

2. The Clerk be directed to enter judgment for the Plaintiff.

IT IS SO REPORTED at Tampa, Florida on August 4, 2006.

*[signature: Mark A. Pizzo]*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date it is served on the parties shall bar an aggrieved party from a de novo determination by the District Court of issues covered in the report, and shall bar the party from attaching on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982)(*en banc*).

cc: Hon. James D. Whittemore
    Counsel of record